[No. 353-41716-2.   Division Two.   November 13, 1970.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ANTHONY ELLSWORTH DEARINGER, *Petitioner*, v. WILLIAM R. CONTE, *Respondent*.

*Anthony Ellsworth Dearinger*, pro se.

*Slade Gorton, Attorney General*, and *Stephen C. Way, Assistant*, for respondent.

Per Curiam.—This application for writ of habeas corpus was presented to the court by briefs without oral argument. It appears to us that the application and the return and answer thereto give rise to the following issues:

1. Was probable cause established for the issuance of a warrant allowing a search of petitioner's residence?

2. Can the illegality of the arrest of an informer be raised by another to prevent admission of evidence secured on the basis of information from the informer against that other?

3. Is evidence of the validity of the search warrant sufficient?

4. Is evidence admissible from police officers who allegedly heard glass being thrown from petitioner's house?

5. Is the evidence upon which petitioner's conviction rests sufficient?

This court has considered the application for a writ of habeas corpus and supporting brief and respondent's answer, attachments and brief and concludes that the issues numbered 1 through 4 above have already been determined adversely to petitioner by the Washington Supreme Court in *State v. Dearinger*, 73 Wn.2d 563, 439 P.2d 971 (1968); *cert. denied* 393 U.S. 1102, 21 L. Ed. 2d 795, 89 S. Ct. 902 (1969); *Dearinger v. Rhay*, (unreported order) Supreme Court cause No. 40721, July 11, 1969 and the United States Court of Appeals for the Ninth Circuit *Dearinger v. Rhay*, 421 F.2d 1086 (9th Cir. 1970), *cert. denied*, and thus need not be reconsidered by this court. Upon review of the record, we must conclude that the evidence produced by the state was, if believed by the trier of fact, ample to serve as the basis for petitioner's conviction. (*See* No. 5 above.) We do not express an opinion on whether habeas corpus is a proper method to raise this question.

Thus, since no meritorious issue is raised, the application of Anthony Ellsworth Dearinger for a writ of habeas corpus is, in all respects, denied and the proceedings are dismissed.